UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JASON EDWARD SHERON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:23-CV-00009 RWS |
| ) | |
| SHANE DUNLAP, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Jason Edward Sheron, an inmate at Ste. Genevieve Detention Center, for leave to commence this civil action without prepayment of the required filing fee. ECF No. 3. The Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action as legally frivolous and for failure to state a claim upon which relief may be granted.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff filed his motion for leave to proceed *in forma pauperis* with a statement that he "tried to get copies of [his] inmate account but the institution refuses to provide [it]." ECF No. 3 at 3. The Court will therefore assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the instant action on a Court-provided Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. At all times relevant to this action, plaintiff appears to have been housed at Cydkam Center,[1] which he describes as a halfway house. ECF No. 1 at 6. In the caption section of the form complaint, plaintiff writes: "See attached BOP/Cyd[k]am LLC." *Id.* at 1. Later in the complaint, plaintiff names three defendants in their official and individual capacities: (1) Shane Dunlap, Case Manager; (2) Nancy Mosley, Cydkam Director; and (3) Lynn A. Lyons, Residential Reentry Manager. *Id.* at 2-3. Plaintiff asserts all three defendants are employed by the Federal Bureau of Prisons ("BOP").

Plaintiff alleges that around 4:15 a.m. on June 22, 2022, "several men came through the window at Cyd[k]am Center trying to bring [him] bodily harm." He immediately informed Ms. Bobby, an individual who is not a named defendant in this case. Ms. Bobby allegedly told plaintiff

---

[1] Plaintiff spells the name of the facility as "Cydcam." However, after performing a business filing search on the Missouri Secretary of State's website, the Court believes the correct spelling of the facility is "Cydkam Center, LLC."

3

to return to his room or he would be reprimanded. She refused to search the area. Plaintiff asserts he avoided his room from 4:00 a.m. to 8:00 a.m., but when he returned "they tried to grab [him]." Plaintiff explains he ran down the hallway while the intruders hid in the ceiling. Plaintiff complains he "approach[ed] staff with the knowledge of the imminent threat on [his] life," but was not provided with assistance. Between 12:30 p.m. and 1:00 p.m., plaintiff asserts he "fled across the street and called the authorities." Three officers, who are not defendants in this action, spoke to plaintiff and Cydkam staff. After such discussion, Cydkam released plaintiff with directions to call his probation officer and organize an alternate "home plan."

Plaintiff complains that prior to being placed in Cydkam, he "pleaded" with defendant Lynn Lyons to be assigned to a different facility. He also takes issue with the fact that he "never received a violation or anything of this matter," which he claims is a "direct violation of [his] due process." Other than the brief reference to defendant Lyons, he does not mention any of the other defendants in his statement of claim.

Plaintiff describes his injuries as mental, physical, emotional, and spiritual abuse. *Id.* at 5. For relief, plaintiff seeks $4.5 million. *Id.*

## Discussion

Having carefully reviewed and liberally construed plaintiff's allegations, and for the reasons discussed below, the Court must dismiss plaintiff's claims.

### A. Official Capacity Claims

Plaintiff's official capacity claims against defendants are frivolous. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Kelly v. City of Omaha, Neb.*,

813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). Thus, in order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

In this case, plaintiff alleges defendants Dunlap, Mosley, and Lyons are employed by the BOP. *See* ECF No. 1 at 2-3. Therefore, plaintiff's official-capacity claims are considered to be claims against the BOP. However, the BOP is immune from suit pursuant to sovereign immunity. *See Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (complaint against a federal government official in his official capacity is a suit against the United States, and sovereign immunity precludes prosecution of a *Bivens* action against the United States).

Further, to the extent any of the defendants are actually employees of Cydkam, which plaintiff identifies as a halfway house, his official capacity claims against them would still fail. "[J]ails and halfway houses are not 'persons' for purposes of *Bivens* or § 1983." *Hartley v. Gonzales*, 2007 WL 2735664, at *3 (E.D. Mo. Sept. 18, 2007) (citing *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992)). In the event Cydkam is a federally funded residential re-entry program, a § 1983 suit against defendants in their official capacities would not be cognizable because they would be federal, not state actors, and immune to suit. *See Dudley v. Kansas City Residential Reentry Ctr.*, 2011 WL 6000259, at *3 (W.D. Mo. Nov. 30, 2011).

### C. Individual Capacity Claims

Plaintiff's individual capacity claims against defendants also fail to pass this Court's initial review. Plaintiff complains he pleaded with defendant Lyons to be placed in another facility, rather than Cydkam. The law is clear, however, that a detainee has no right to be housed in a particular

institution, *Olim v. Wakinekona*, 461 U.S. 238, 242 (1983), nor does the BOP have an obligation to place an inmate in a halfway house. *Elwood v. Jeter*, 386 F.3d 842, 846-47 (8th Cir. 2004). As to the other two defendants, Mosley and Dunlap, plaintiff's complaint is completely silent as to what they did or did not do on June 22, 2022. It is not even alleged that were on site at the time of the incident, or that plaintiff personally spoke to them about the allegations in this complaint.

To state a claim under § 1983, plaintiff must plead that each defendant "personally violated [his] constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676). *See also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."). Plaintiff has not set forth any facts indicating how any of the three defendants were personally involved in or directly responsible for the violation of his constitutional rights. Plaintiff does not provide any supportive facts, such that he requested assistance from the specific defendants. A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016).

It appears plaintiff intends to base responsibility solely on the status of defendants as either a manager or director. A government official, however, cannot be held liable simply because he held a supervisory or administrative position. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983). Plaintiff has simply failed to alleged facts explaining how Dunlap, Mosley, or Lyons personally participated in a constitutional violation or how they directly failed to train or supervise the offending employees. *See Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001); *Moore v. City of Desloge, Mo.*, 647 F.3d 841, 849 (8th Cir. 2011) (in order to maintain an action for training or supervisory liability, the

6

plaintiff must show that the failure to train or supervise caused the injury). Plaintiff simply has not done so here.

Lastly, plaintiff states in conclusory fashion that his Fourth, Fifth, and Eighth Amendment rights were violated due to a "deprivation of help" and failure to issue him a "violation," but he does not explain how the defendants actually violated a constitutional right. At most, plaintiff's allegations appear to be claims based upon the negligence of Cydkam staff to respond to the presence of unidentified intruders. "[M]ere negligence is not a constitutional violation." *Calhoun v. Corizon Corr. Health Care*, 2016 WL 1161581, at *3 (E.D. Mo. Mar. 23, 2016).

Thus, based on the allegations of the complaint, the Court cannot find any intentional act by defendants that are actionable under § 1983. Consequently, the Court concludes that plaintiff's complaint is frivolous and/or fails to state a claim upon which relief may be granted. It would be futile to permit plaintiff the opportunity to file an amended complaint because there is no indication that his claims arise from conduct that invades a federally protected right. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and/or for legal frivolousness. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

7

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of February, 2023.

                                                    _____
                                                    RODNEY W. SIPPEL
                                                    UNITED STATES DISTRICT JUDGE